JOHN G. GARVEY, Plaintiff (MAUREEN E. GARVEY, Plaintiff-Appellant), *v.* EDWIN F. GIFFORD, Defendant-Appellee.

(No. 55117;

First District—January 10, 1972.

Charles R. Winkler and Anthony J. Fornelli, both of Chicago, (Harry G. Fins, of counsel,) for plaintiff-appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, (John M. O'Connor, Jr. and Raymond R. Cusack, of counsel,) for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This action was brought to recover damages for personal injuries sustained in an automobile accident. The jury found in favor of defendant and the court entered judgment on the verdict. Plaintiff Maureen Garvey has appealed from that judgment. The sole issue to be decided is whether she was entitled to a directed verdict in her favor as to liability.

On November 17, 1964, at approximately 5:30 P.M., the plaintiff was riding in the right front seat of an automobile driven by her father, John Garvey. The Garvey auto was stopped facing north in the inner lane of Laramie Avenue between Hutchinson and Cullom Streets, Chicago, where Garvey intended to turn left into an alley. Garvey's directional signal was operating properly at the time and he had been stopped for about fifteen seconds (to allow oncoming traffic to clear) when the rear of his car was struck by another auto. The impact forced Garvey's auto into the southbound lanes of traffic where it was struck by a southbound auto driven by Alexander Walter. Both John Garvey and his daughter testified that they heard an impact occur behind them a second or two before their auto was struck in the rear.

The auto which struck the rear of the Garvey auto was driven by Marilyn Bagner Schelle. According to Miss Schelle, she was driving northbound on Laramie Avenue and saw the Garvey auto stopped ahead of her. She stopped about one-half car length behind the Garvey auto

and, in her words, "Well, when I was stopped I looked in my rear view mirror and I could see the headlights of an approaching car and as it got closer I knew—I felt that he was not going to stop because I couldn't see his headlights veer away from my car in order to bypass. * * * So I could see that he wasn't going to stop and I could say I don't know in how many seconds that happened, but there was an impact. There was an impact, a rear end collision. And I hit the car in front of me because of the impact to the rear of my car sending the car in front of me into the opposite traffic lane." The car which struck the rear of Miss Schelle's auto was driven by the defendant.

During the course of his testimony, the defendant stated that his auto struck the rear of Miss Schelle's auto, that Miss Schelle's car was "dead stopped" when he hit it, and that his speed was about 20 miles per hour at the time of impact. He did not see the Garvey auto collide in the southbound lane before he struck Miss Schelle's auto; nor did he hear a collision in front of him before he struck Miss Schelle's auto. The defendant also indicated that he gave the following statement to Officer Patrick J. Doherty, an investigating police officer, shortly after the occurrence:

"I was driving north on Laramie about 25 miles per hour. I was following this woman [Marilyn Schelle] in the Pontiac. A Plymouth [driven by John Garvey] in front of her stopped to make a left turn into the alley. The woman in front of me jammed on her brakes and before I could stop I jammed her in the rear. Her car hit the Plymouth and pushed him into the southbound lane and struck the front of a southbound car. The Plymouth did not turn on his signals until he got to the alley—according to the lady in front of me—I didn't see his signals at all. I don't know whether or not he had a signal on."

An evidence deposition taken from Leroy Anderson, an occurrence witness, was read into evidence by the defense and disclosed that Anderson was walking near the accident scene when he heard an impact. He glanced toward the street and saw the Garvey auto being struck by a southbound auto in the southbound lanes. He then heard another impact and saw two cars stopped in the northbound lanes. The only collision which he personally observed was the one which occurred in the southbound lanes. At no time did he see either the Schelle car or defendant's car in motion. All of these events transpired within two to three seconds and traffic was quite heavy at the time.

At the close of the evidence, plaintiff moved for a directed verdict as to liability. The motion was denied and is from this ruling that plaintiff has appealed.

■■ The standard to be used by courts in considering motions for

directed verdicts was set forth in *Pedrick v. Peoria and Eastern Railroad Company*, (1967), 37 Ill.2d 494, 510:

"[V]erdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Under this rule, a trial court may substitute its judgment for that of the jury only where no substantial factual dispute is disclosed by the evidence. (*Wolfe v. Whipple* (1969), 112 Ill.App.2d 255; *Murphy v. Vodden* (1969), 109 Ill.App.2d 141.) Hence, we must closely examine the evidence in this case to determine whether any substantial factual dispute as to liability existed. In this connection, we note that the testimony of each party to the accident totally supported plaintiff's theory of the case, *i.e.*, that defendant's negligence proximately caused the accident. Both the plaintiff and her father stated that they heard an impact to their rear just before their car was struck by Miss Schelle's car. Miss Schelle unequivocally stated that her auto had come to a complete stop behind plaintiff's auto before it was struck in the rear by defendant's auto, thereby causing her auto to strike the rear of plaintiff's auto. The defendant's testimony and his statement to the investigating police officer substantially corroborated the versions given by the prior witnesses. The only evidence, in fact, which at all tended to conflict with plaintiff's theory of the case was that provided by the evidence deposition of Leroy Anderson. In our view, however, the deposition at best gave rise to only an inference which was unfavorable to plaintiff's theory. Anderson actually saw only one impact, that which occurred in the southbound lane between the Garvey car and the Walter car. He heard other impacts but at no time did he see the Schelle car or defendant's car in motion. He indicated that the entire series of events occurred very quickly and that many other vehicles were on the street at the time. Under these facts, we believe that the probative value of the inference created by Anderson's deposition was at most dubious, particularly in view of the solid testimony which supported plaintiff's theory of the case. As stated in *Pedrick v. Peoria and Eastern Railroad Company* (1967), 37 Ill.2d 494, 504, 505:

"But the presence of some evidence of a fact which, when viewed alone may seem substantial, does not always, when viewed in the context of all of the evidence, retain such significance. As the light from a lighted candle in a dark room seems substantial but disappears when the lights are turned on, so may weak evidence fade when the proof is viewed as a whole."

In our judgment, Anderson's deposition necessarily loses its significance

when properly viewed within the context of the total evidence and, because we find no evidence whatsoever that plaintiff was guilty of contributory negligence with respect to the occurrence, we are constrained to hold that plaintiff's motion for a directed verdict as to liability should have been allowed.

Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to vacate the judgment in favor of defendant and enter judgment as to liability in favor of plaintiff and to grant plaintiff a new trial on the issue of damages only.

Judgment reversed and cause remanded with directions.

GOLDBERG, P. J., and BURKE, J., concur.